**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES S., | |
| Plaintiff, | Civil Action No. 24-9027 (MAS) |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Commissioner of the Social Security Administration's ("Defendant") Motion to Dismiss Plaintiff James S.'s ("Plaintiff")[1] Complaint for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (ECF No. 6.) Plaintiff opposed the motion (ECF No. 11; *see also* ECF Nos. 8-10), and Defendant replied (ECF No. 12). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b). For the reasons below, Plaintiff's Complaint is dismissed without prejudice.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

I.   **BACKGROUND**

Plaintiff received supplemental security income ("SSI") from August 2010 to November 2021. (Levin Decl. 5-31, ECF No. 7-1.)³ On November 2, 2021, Plaintiff's SSI was terminated following the Social Security Administration's ("SSA") determination that Plaintiff possessed resources exceeding the $2,000 limit for an individual to be eligible for SSI. (*Id.* at 18-31.) Plaintiff requested reconsideration of this decision, contending SSA's calculation of his resources was incorrect and improperly included savings bonds that Plaintiff shares with his siblings. (*Id.* at 42-45; *see* Compl. 6, ECF No. 1-2.)⁴ SSA denied Plaintiff's appeal on February 7, 2022, and informed Plaintiff of his right to request a hearing before an Administrative Law Judge ("ALJ") within 60 days. (Levin Decl. 60-62.) On February 11, 2022, Plaintiff timely requested a hearing before an ALJ. (*Id.* at 63.)

Separately, on November 24, 2021, SSA informed Plaintiff that he had been overpaid $2,270.50 in SSI benefits because his resources exceeded the limit an individual could own to be eligible for SSI benefits. (*Id.* at 32-41.) Plaintiff timely requested a waiver of the collection of his SSI overpayment, which SSA denied on April 6, 2022. (*Id.* at 46-59, 64). Plaintiff requested

---

³ "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)). An exception to the general rule, however, is that a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* (internal quotation marks omitted); *see also Cope v. Soc. Sec. Admin.*, 532 F. App'x 58, 60 (3d Cir. 2013) (affirming district court's dismissal of complaint under Rule 12(b)(6) where district court considered "indisputably authentic documents" defendant SSA provided). Because the correspondence between SSA and Plaintiff are "indisputably authentic" and are integral to, or explicitly relied upon in the Complaint, the Court will consider these documents and arguments Defendant makes relying on these documents. *Cope*, 532 F. App'x at 60; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

⁴ Plaintiff's Complaint is one of three documents included in ECF No. 1-2, along with the Summons and Notice of Remote Trial. For ease of reference, the Court cites to the Complaint using the page numbers that appear in ECF No. 1-2.

reconsideration of this denial. (*See id.* at 65.) On April 28, 2022, SSA upheld its denial of the waiver overpayment and informed Plaintiff of his right to request a hearing before an ALJ within 60 days. (*Id.* at 65-66.) On January 14, 2023, Plaintiff requested a hearing before an ALJ. (*Id.* at 68-69.) A hearing has not been scheduled. (*Id.* ¶ 3(h).)

On August 12, 2024, Plaintiff initiated this lawsuit in the Superior Court of New Jersey, which was subsequently removed to this Court. (ECF No. 1.) On September 30, 2024, Defendant moved to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies pursuant to Rule 12(b)(6), or in the alternative, grant summary judgment in favor of Defendant as a matter of law. (Def.'s Moving Br. 3, ECF No. 7.) Plaintiff filed a one-page opposition to Defendant's Motion to Dismiss. (Pl.'s Opp'n. Br. 1, ECF No. 11.)

On October 2, 2024, SSA's Office of Hearings Operations sent correspondence to Plaintiff stating that Plaintiff's request for a hearing on January 14, 2023 had been untimely, but that SSA would be willing to consider Plaintiff's request as timely filed should Plaintiff demonstrate good cause for this delay. (*See* Pl.'s Correspondence 2, ECF No. 9.) On October 15, 2024, Plaintiff filed correspondence with this Court, disputing SSA's determination that his January 2023 hearing request to SSA was untimely. (*Id.* at 1.) Plaintiff also referenced the fact that he had requested an earlier hearing in February 2022. (*Id.*)

On October 28, 2024, Defendant filed a reply brief in support of its Motion to Dismiss and stated that counsel for Defendant had provided a copy of Plaintiff's correspondence to SSA's Office of Hearings Operations. (Def.'s Reply Br. n.1, ECF No. 12.) Defendant's Motion is now ripe for resolution.

## II.     LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

3

the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

The Court is mindful that the standard for evaluating a *pro se* pleading is particularly liberal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that "we have traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure").

### III. DISCUSSION

Prior to seeking judicial relief, a plaintiff must first "exhaust all required administrative remedies." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). Section 405(g) of Title 42 of

4

the U.S. Code authorizes judicial review of only a "final decision of the Commissioner of Social Security [(the "Commissioner")] made after a hearing." 42 U.S.C. § 405(g). The term "final decision" is "left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The Commissioner's regulations provide that a claimant must complete a four-step administrative review process to obtain a final decision ripe for judicial review. 20 C.F.R. § 404.900(a). The four steps are: (1) initial determination; (2) reconsideration; (3) ALJ decision; and (4) Appeals Council review. *Id.*

In this matter, Plaintiff received an initial determination from SSA in November 2021, terminating his SSI benefits and concluding Plaintiff was overpaid $2,270.50 in SSI benefits. (*See* Levin Decl. 18-41.) Plaintiff then appealed this determination, which SSA denied. (*See id.* at 42-62, 64.) Plaintiff thereafter requested on two occasions a hearing before an ALJ, on February 11, 2022 and on January 14, 2023. (*Id.* at 63, 68-69.) The pleadings contain no indication of an ALJ decision or dismissal,[5] nor a request for review before the Appeals Council. (*See id.* ¶ 3(i).) Because Plaintiff has not obtained a judicially-reviewable "final decision . . . after a hearing," Plaintiff has not demonstrated that exhaustion would be futile,[6] and Plaintiff has failed to

---

[5] Plaintiff alleges that he "went in front of a[n] [ALJ] and won," but does not otherwise substantiate this claim. (Compl. 6; *see also* Pl. Correspondence.) Defendant also does not address whether such a hearing has occurred. (*See* Levin Decl. ¶ 3(e).)

[6] A litigant may not need to exhaust his administrative remedies where exhaustion would be futile. *See Bowen v. City of New York*, 476 U.S. 467, 483 (1986). The Court agrees with Defendant that Plaintiff has not demonstrated exhaustion would be futile because "[c]ontinued pursuit of Plaintiff's claim at the administrative level might result in a determination in his favor." (Def.'s Moving Br. 7.) SSA's correspondence to Plaintiff on October 2, 2024 indicates SSA is actively reviewing Plaintiff's appeal and is willing to consider Plaintiff's second request for a hearing timely should Plaintiff establish good cause for his delay. (*See* Pl.'s Correspondence 2.) The Court is thus persuaded that exhaustion here would not be futile at this time.

demonstrate that equitable tolling should apply,[7] Plaintiff's complaint must be dismissed without prejudice. (*See id.*; 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).) Plaintiff may file a new complaint upon the completion of the exhaustion of his administrative remedies.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] Equitable tolling may apply in "rare" cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480-481 (2022). Here, SSA indicated it is actively reviewing Plaintiff's untimely January 2023 hearing request and may consider it as timely filed. (*See* Pl.'s Correspondence 2.) Because Plaintiff pleads no other facts from which the Court can conclude that deference to SSA's judgment would be inappropriate, Plaintiff has failed to demonstrate that equitable tolling is appropriate for consideration at this time.

6