**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES S.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 24-9027 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff James S.'s ("Plaintiff")[1] Motion for Reconsideration (ECF No. 16) of this Court's Memorandum Opinion (the "Opinion") (ECF No. 14) and Order (ECF No. 15) granting Defendant Commissioner of Social Security Administration's ("Defendant") Amended Motion to Dismiss (ECF No. 6) which dismissed Plaintiff's Complaint (ECF No. 1-2) without prejudice. Defendant opposed Plaintiff's motion (ECF No. 18), and Plaintiff thereafter filed correspondence on multiple occasions regarding this motion and other unrelated matters (ECF Nos. 20-24). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons stated below, the Court denies Plaintiff's Motion for Reconsideration.

Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610,

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or [to] prevent manifest injustice." *Morton*, 2011 WL 2975532, at *2 (quoting *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004)). It is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (citations omitted).

Reconsideration is not warranted here.[2] In its Opinion, the Court dismissed *without prejudice* Plaintiff's Complaint for failure to exhaust administrative remedies. (Op. 5-6, ECF No. 14.) In his motion, Plaintiff details various actions he has taken and the ongoing administrative efforts by the agency to schedule and hold a hearing in his case. (*See generally* Pl.'s Mot., ECF No. 16.) There is no indication that Plaintiff has exhausted his administrative remedies or facts to suggest that exhaustion would be futile. (*See generally id.*); *Bowen v. City of New York*, 476 U.S. 467, 483-84 (1986). The Court also notes that Plaintiff has not raised any arguments to suggest

---

[2] Local Civil Rule 7.1 provides that "a motion for reconsideration shall be served and filed within [fourteen] days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1. Plaintiff did not comply with that deadline, but because Plaintiff is proceeding *pro se*, the Court considers the untimely motion and addresses why it fails on the merits. *See Morton*, 2011 WL 2975532, at *4 n.2 ("A court may relax the timeline for filing a motion for reconsideration to prevent injustice where a *pro se* litigant is involved." (citing *Malik v. Hannah*, No. 05-3901, 2007 WL 38755, at *1 (D.N.J. Jan. 3, 2007)).

that there: (1) has been an intervening change in controlling law; (2) is new evidence that was not previously available; or (3) is a need to correct a clear error of law or fact to prevent manifest injustice. (*See generally* Pl.'s Mot.); *see Morton*, 2011 WL 2975532, at *2. The Court is satisfied that it thoroughly addressed and decided Defendant's Amended Motion to Dismiss and appropriately dismissed Plaintiff's Complaint without prejudice. The Court, once again, makes clear to Plaintiff that Plaintiff will be afforded an opportunity to file a new complaint once he has completed the administrative exhaustion of his claims.

Accordingly,

**IT IS**, on this 2nd day of September 2026, **ORDERED** as follows:

1. The Clerk shall reopen this matter for the purpose of issuing this Memorandum Order.
2. Plaintiff's Motion for Reconsideration (ECF No. 33) is **DENIED**.
3. The Clerk shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE